**FRANKLIN et al. v. AMERICAN NAT. INS. CO.**

No. 2651.

Circuit Court of Appeals, Tenth Circuit.

April 19, 1943.

George E. Brammer, of Des Moines, Iowa (Brammer, Brody, Charlton & Parker, of Des Moines, Iowa, and Donald H. Corson, of Kansas City, Kan., on the brief), for appellants.

Isaac E. Ferguson, of Chicago, Ill. (Sonnenschein, Berkson, Lautmann, Levinson & Morse, Henry S. Moser, and Morton Lane, all of Chicago, Ill., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The American National Insurance Company instituted this action for a declaratory judgment, seeking an adjudication of its liability under a contract with Harold Franklin and Lucile Franklin.

The complaint in substance alleged that the International Brotherhood of Boilermakers, Iron Shipbuilders and Helpers of America[1] is a fraternal beneficial society organized for the mutual benefit and protection of its members, and that it affords to members insurance benefits; that on July 1, 1929, plaintiff entered into an agreement with the Brotherhood under which it reinsured the liability of the Brotherhood

---

[1] Herein referred to as the Brotherhood.

to its members; that about June 18, 1939, a dispute arose between the plaintiff and one Shannon C. Douglass, who claimed certain commissions from plaintiff as a result of said contract; that a dispute also arose between plaintiff and the defendants, Harold Franklin and Lucile Franklin, who claimed an interest in the commissions claimed by Douglass; that on June 18, 1939, the parties to this action executed an agreement, compromising and settling the claims of the defendants to any commissions from the plaintiff arising out of the reinsurance contract of July 1, 1929. The agreement as set out in the complaint involves numerous matters not material to the controversy between these parties. So far as material, the agreement is as follows:

"Release.

"Now, Therefore, It Is Hereby Mutually Agreed, by and between American National Insurance Company, a corporation, of Galveston, Galveston County, Texas, of the first part, and Harold Franklin and Lucile Franklin, of the second part, as follows:

"1. In consideration of the mutual promises and agreements hereinafter contained and of the sum of One Dollar, to it in hand paid by the said second parties, said first party hereby agrees to pay said Harold Franklin and Lucile Franklin, their executors and administrators, the sum of Thirty-six Thousand ($36,000.00) Dollars, payable as follows: Ten Thousand ($10,-000.00) Dollars in cash upon the execution and delivery of this agreement, and the balance of Twenty-six Thousand ($26,-000.00) Dollars in monthly installments of Three Hundred ($300.00) Dollars each, commencing on the 30th day of June, 1939, until said balance of Twenty-six Thousand ($26,000.00) Dollars has been fully paid and discharged; and thereafter to pay the said Harold Franklin the sum of Three Hundred ($300.00) Dollars per month, payable on the first day of each and every month as long as the first party carries the coverage under a group contract between the American National Insurance Company and International Brotherhood of Boilermakers, Iron Shipbuilders and Helpers of America. And it is understood that in consideration of the payment of said monthly installments, the said Harold Franklin hereby agrees to perform such reasonable services as he may be requested by said first party to perform in connection with said insurance coverage and to use his best endeavors to keep the said group insurance policy in force.

"2. In further consideration of the payment of the said sums of money hereinbefore mentioned, the said Harold Franklin and Lucile Franklin, jointly and severally hereby, for themselves and their, and each of their, executors and administrators, release and forever discharge said American National Insurance Company, its successors and assigns, of and from all liability on account of the assignment of said contract of date of February 27th, 1929, and any and all obligation to sue and recover from the said Shannon C. Douglass the balance of commissions claimed to be due from said Shannon C. Douglass to said Harold Franklin and Lucile Franklin prior to the execution of said assignment dated the 18th day of October, 1937; and for the same consideration hereby release and forever discharge said American National Insurance Company from any and all liability in law or in equity on account of said assignment and payment of commissions and/or service charge under the contract so assigned, and any and all contracts, written and/or verbal, between American National Insurance Company and Shannon C. Douglass involving the payment of a service charge and/or commissions on premiums paid to said Insurance Company under and pursuant to the terms of said group contract.

"In Witness Whereof, the parties hereto have hereunto set their hands this 19th day of June, 1939.

"American National Insurance Company of Galveston, Texas,
"By W. L. Moody, III, Vice-President,
"First Party,
"Harold M. Franklin,
"Lucile Franklin,
"Second Parties."

It was alleged that the reinsurance agreement with the Brotherhood remained in force until July 1, 1941, when it was terminated by the Brotherhood; that on said date the Brotherhood entered into a new reinsurance contract with the Occidental Life Insurance Company of California.[2] The complaint alleged that plaintiff paid the defendants $10,000 upon the execution of the release contract and made monthly payments totaling $7,500; that the defendant Harold Franklin not only failed to use

---

[2] Herein referred to as the Occidental.

his best efforts to keep the insurance contract between plaintiff and the Brotherhood in force, but on the contrary, aided and was instrumental in procuring its termination and the execution of the new contract with the Occidental; that he has received and is receiving large sums from the Occidental for his services in procuring the reinsurance contract for it; that by reason thereof he has breached his release contract with the plaintiff and that it is no longer liable for the balance of the monthly payments thereunder. The prayer of the complaint was for a declaratory judgment decreeing that the release contract was materially breached by the defendant Harold Franklin and that neither of the defendants was entitled to further payments from plaintiff thereunder. Judgment was entered as prayed for, and the defendants have appealed.

The defense to plaintiff's claim was that the release contract was separable and divisible; that the sole consideration for the payment to defendants of the $36,000 was the release of their claim to the Douglass commissions; that Harold Franklin's promise to use his best endeavors to keep the reinsurance contract with the Brotherhood in force formed no part of the consideration for the payment of the $36,000, but was consideration only for the monthly payments of $300 which were to begin when the $36,000 had been fully paid. That Harold Franklin breached his agreement to use his best endeavors to keep the reinsurance contract with the Brotherhood in force is not seriously disputed.

■ "No formula has been devised which furnishes a test for determining in all cases what contracts are severable and what are entire. The primary criterion for determining the question is the intention of the parties as determined by a fair construction of the terms and provisions of the contract itself, by the subject matter to which it has reference, and by the circumstances of the particular transaction giving rise to the question." 12 Am.Jur., Contracts, § 315. See, also, 17 C.J.S., Contracts, § 332. Numerous tests have been declared by the courts and text writers by which to determine whether a contract is severable or entire. In the main, they all declare the general rule that the intent of the parties, as gleaned from the four corners of the instrument, must determine the question.

The $36,000 was to be paid to both Harold Franklin and Lucile Franklin, while the $300 monthly payments to begin when the balance of $26,000 was paid ran only to Harold Franklin. It appears, therefore, quite clearly that the payment of the $36,000 to them both, and the payment of the $300 per month thereafter to Harold Franklin alone, were separable. But that does not solve the problem. The question still is "whether the parties assented to all the promises as a single whole, so that there would have been no bargain whatever, if any promise or set of promises was struck out." Williston on Contracts, Rev.Ed., Vol. 3, § 863. In other words, would plaintiff have agreed to pay $36,000 for the release if Harold Franklin had not agreed to use his best endeavors to keep the insurance contract in force with plaintiff?

■ A reading of the whole contract, especially when considered in the light of the surrounding circumstances, impels us to the conclusion that the contract is entire and indivisible. If the contract was considered severable and divisible, it is reasonable that the parties would have correlated and placed together the promises pertaining to each part thereof. In that case, the release of the claims by the defendants would have logically followed the agreement to pay the $36,000 therefor. In the contract, plaintiff agrees to pay $36,000, $10,000 in cash and $26,000 in monthly installments of $300 each, until all has been paid, and $300 per month thereafter so long as the insurance remains with plaintiff. All of this it agrees to do in consideration of the "mutual promises and covenants hereinafter contained." What were these mutual promises and covenants? First, that Harold Franklin would perform such services as were required of him and would use his best endeavors to keep the insurance policy in force, and also that both of them would release their claims for commission against plaintiff.

The concluding paragraph of the contract provides that "In further consideration of the payment of the said sums of money * * *" the parties agree to release, etc. It is to be noted that this refers to all sums, the $36,000 as well as the $300 monthly payments. "Further consideration" for such payments means, of course, that there has already been some consideration. This consideration was Franklin's

obligation to use his endeavors to maintain the policy with the plaintiff company and this consideration had been given for all the payments promised by plaintiff, including the $36,000.

It is to be noted that the promise to use his best endeavors to keep the policy with plaintiff was given in consideration of the "payment of said *monthly installments.*" (Emphasis supplied.) What were the monthly installments? Webster's New International Dictionary, Second Edition, defines "installment" as: "A portion of a debt or sum of money which is divided into portions that are made payable at different times." The only installment payments to be made were the monthly payments of the balance of $26,000.

That the main consideration for the payment of $36,000 was the desire of plaintiff to secure the active help of Harold Franklin to maintain the policy with plaintiff is abundantly sustained by the surrounding circumstances of the entire transaction. Plaintiff had a heavy investment in this policy. It could expect to realize a profit only if it were able to keep the policy over a long number of years. Harold Franklin was the son of the president of the Brotherhood. He seems to have been able to manipulate this insurance somewhat at will. It was first placed with the Service Life Insurance Company, then with the Chicago National Life, then with plaintiff, and lastly, with the Occidental. Harold Franklin was actively connected with all of these transactions and received commissions in all of them. Plaintiff recognized his ability to manipulate this insurance and sought to purchase his loyalty by agreeing to pay him $26,000 over a period of years. In this it failed, because he was instrumental in taking the policy away from plaintiff, in direct violation of his solemn agreement, and placing it with the Occidental, where he again received large commissions.

■■ We cannot agree that it was error for the trial court to admit extraneous evidence in explanation of the contract. As stated by appellant, the mere fact that parties to an instrument cannot agree as to its interpretation does not render it ambiguous. But the fact that eminent counsel, skilled and learned in the law and in the interpretation of the legal effect of written instruments, failed to agree, does lend support to the claim of ambiguity.

It is our conclusion that the contract was entire and indivisible; that the consideration for the payment of the $36,000 was the release by Harold and Lucile Franklin of their claim to any commissions, and their further agreement that Harold Franklin should use his best endeavors to maintain the insurance policy in force with plaintiff. The contract was breached in this material respect, and plaintiff is no longer liable thereon.

The judgment of the trial court is affirmed.